# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAHNEA MONTIC JOHNSON,<br><br>　　　　　　Defendant. | Case No. 3:21-cr-00082-SLG-MMS |

## ORDER RE MOTIONS FOR SENTENCE REDUCTION

　　　Before the Court is Defendant Jahnea Montic Johnson's pro se Motion for Sentence Reduction, Amendment 821 at Docket 87. The Government filed a response in opposition at Docket 90. Appointed counsel filed a Sealed Amended Motion to Reduce Sentence at Docket 92. The U.S. Probation Office for the District of Alaska filed a sealed Preliminary Report for Consideration of Sentence Reduction at Docket 89.

　　　On July 25, 2023, this Court sentenced Ms. Johnson to 77 months' imprisonment after she pled guilty to distributing controlled substances and possessing a firearm and ammunition as a felon.[1] The Probation Office grouped Ms. Johnson's offenses and calculated a total offense level of 23, 15 criminal history points corresponding with a criminal history category of VI, and a resulting

---

[1] Docket 85 at 1-2.

United States Sentencing Guidelines range of 92 to 115 months' imprisonment.[2] At sentencing, the Court indicated that it disagreed with the actual methamphetamine Guideline and imposed a 77-month sentence, which was the low end of the Guideline range for the felon-in-possession charge, as a variance.[3]

Ms. Johnson now seeks a sentence reduction pursuant to Amendment 821 to the Guidelines. Part A of Amendment 821 limits the overall criminal history impact of "status points" (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence) under Guideline § 4A1.1. Part B of Amendment 821 creates Guideline § 4C1.1, which provides a decrease of two levels from the offense level for defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.

Ms. Johnson's pro se motion suggests that she is eligible for a sentence reduction pursuant to Amendment 821's change to the impact of status points.[4] The Government disagrees, maintaining that Ms. Johnson did not receive any status points and so she is ineligible for a sentence reduction pursuant to Amendment 821.[5] The amended motion for a sentence reduction filed by counsel

---

[2] Docket 75 at 13-14, 31, 42 (sealed presentence report). The Court adopted the Probation Office's presentence report without change and determined that Ms. Johnson's Guidelines range was 92 to 115 months' imprisonment. Docket 86 at 1 (sealed statement of reasons).

[3] Docket 86 at 3-4 (sealed statement of reasons).

[4] Docket 87 at 1-2.

[5] Docket 90 at 4.

Case No. 3:21-cr-00082-SLG-MMS, *United States v. Johnson*
Order Re Motions for Sentence Reduction
Page 2 of 4
Case 3:21-cr-00082-SLG-MMS   Document 94   Filed 08/08/24   Page 2 of 4

recognized that Ms. Johnson did not receive any status points, but maintains that this Court can reduce Ms. Johnson's sentence pursuant to 18 U.S.C. § 3582(c) or Federal Rules of Criminal Procedure 35, 36, or 52.[6] A sentence reduction is warranted, counsel argues, because the Court indicated that it disagreed with the actual methamphetamine Guideline, the Guidelines range for Ms. Johnson if using a mixture of methamphetamine would be 41-51 months' imprisonment, and therefore the Court should reduce Ms. Johnson's sentence to be within that range.[7]

First, Ms. Johnson did not receive any status points; she is therefore ineligible for a sentence reduction pursuant to Amendment 821. Second, the Federal Rules of Criminal Procedure that counsel identifies are available for a court to remedy arithmetical, technical, clerical, clear, or plain errors. Counsel has not identified any such error. At sentencing, the Court stated its disagreement with the actual methamphetamine Guideline and stated that it was imposing a variance based on the Guideline for Ms. Johnson's second conviction, possessing a firearm and ammunition as a felon. Finally, counsel posits that the Court should reduce Ms. Johnson's sentence pursuant to § 3582(c). However, not only has counsel failed to demonstrate that Ms. Johnson exhausted her administrative remedies as required by that statute, counsel also fails to identify any extraordinary and compelling reason warranting a sentence reduction. Counsel's Guidelines claim

---

[6] Docket 92 at 4,6-10 (sealed).

[7] Docket 92 at 9-10 (sealed).

Case No. 3:21-cr-00082-SLG-MMS, *United States v. Johnson*
Order Re Motions for Sentence Reduction
Page 3 of 4
Case 3:21-cr-00082-SLG-MMS   Document 94   Filed 08/08/24   Page 3 of 4

obfuscates the record—namely that Ms. Johnson's sentence was the result of a variance based on her felon-in-possession conviction and not based on any Guidelines calculation for either actual or a mixture of methamphetamine.

As such, Defendant's pro se Motion for Sentence Reduction, Amendment 821 at Docket 87 and Sealed Amended Motion to Reduce Sentence at Docket 92 are **DENIED**.

DATED this 7th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cr-00082-SLG-MMS, *United States v. Johnson*
Order Re Motions for Sentence Reduction
Page 4 of 4
Case 3:21-cr-00082-SLG-MMS   Document 94   Filed 08/08/24   Page 4 of 4